IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FAUSTO MARTINEZ REYES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-25-CV-658-KC |
| | § | |
| KRISTI NOEM et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Fausto Martinez Reyes's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 3. Martinez Reyes is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 2–13, 69–84.

Martinez Reyes is the beneficiary of deferred action through an approved Special Immigrant Juvenile Status ("SIJ") application since 2021. *Id.* ¶¶ 6, 27, 29–31. In its Show Cause Order, ECF No. 4, the Court noted that, "[a]s alleged, [Martinez Reyes'] case appears materially indistinguishable from others in which this Court has found a procedural due process violation. *See, e.g.*, *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1, 10–13 (W.D. Tex. Oct. 2, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decision and "explain whether the facts of Martinez Reyes' case warrant a different outcome." *Id.* at 1.

Respondents declined the invitation. *See generally* Resp., ECF No. 5. In the Response, they do not reference *Santiago*, much less explain why the Court's reasoning there does not compel the same result here. *See generally id.* Other than a single citation as contrary authority,

Respondents do not discuss, or even mention, any of this Court's many recent immigration habeas decisions. *See id.* at 6–7 ("That the alien in *Thuraissigiam* failed to request his own release in his prayer for relief does not make the holding any less binding here. *But see Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025).").

Instead, Respondents offer boilerplate. Throughout its many decisions on this topic, the Court has rejected every legal argument raised in the Response. *Compare* Resp. 1–10, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago*, 2025 WL 2792588, at *1–14; *Lopez-Arevelo*, 2025 WL 2691828, at *1–13. It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

As to the appropriate remedy, "courts have typically ordered a bond hearing to remedy procedural due process violations for immigration detainees . . . where, unlike here, the government has at least some articulable, legitimate interest in detaining the petitioner." *See Lopez-Arevelo*, 2025 WL 2691828, at *13. Respondents do not explicitly identify any interest in detaining Martinez Reyes. *See generally* Resp. And because he cannot be removed, Respondents do not have any legitimate interest in his continued detention. *Santiago*, 2025 WL 2792588, at *13. Because "there is no legal basis to detain" Martinez Reyes, his "immediate release is warranted." *Id.* at *14.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Santiago*, Martinez Reyes' Petition is **GRANTED in part** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before January 2, 2026**</u>, Respondents shall **RELEASE** Martinez Reyes from custody.

**IT IS FURTHER ORDERED** that, <u>**on or before January 2, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Martinez Reyes has been released from custody.

<u>**There will be no extensions of the January 2, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED** this 23rd day of December, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] The relevant facts are undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).